UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case No. 18-20207
                                          Honorable Victoria A. Roberts

DIANGELO ANDERSON

    Defendant.
_____/

## ORDER DENYING DEFNDANT'S MOTION FOR SENTENCE MODIFICATION (COMPASSIONATE RELEASE) [ECF No. 25]

Upon motion of  ☒  the Defendant  ☐  the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:   **See pages 4-6.**

☐ **GRANTED**

    ☐ The defendant's previously imposed sentence of imprisonment of

    _____ is reduced to_____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

    ☐ Time served.

If the defendant's sentence is reduced to time served:

☐   This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐   There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel

arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

_____

_____

_____

_____

☐ The defendant's previously imposed conditions of supervised release are unchanged.

3

☐  The defendant's previously imposed conditions of supervised release are modified as follows:

_____

_____

_____

_____

_____

☐  **DEFERRED** pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before_____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒  **DENIED** after complete review of the motion on the merits.

☒  FACTORS CONSIDERED (Optional)

The compassionate release statute only allows the Court to modify a defendant's term of imprisonment if, among other things, "extraordinary and compelling reasons warrant such a reduction [or release]." *See* 18 U.S.C. § 3582(c)(1)(A)(i). Anderson says he has underlying medical conditions and pressing family circumstances which constitute extraordinary and compelling reasons for his release. Particularly, Anderson says: (1) he has a history of

bronchitis and asthma, which places him at a high risk of developing serious complications if he contracts COVID-19; and (2) there is an "urgent need for [him] to serve as primary caregiver for his spouse, his seven-year-old daughter and [his] five-year-old daughter." Despite these statements, Anderson fails to demonstrate an extraordinary and compelling reason for his release.

With respect to his alleged medical conditions, Anderson does not provide any evidence showing that he has ever had bronchitis or asthma. Anderson's medical records make no mention of either condition; in fact, they show that Anderson has repeatedly denied having respiratory problems. Anderson fails to show he has any medical condition that constitutes an extraordinary and compelling reason for his release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release.").

Under the United States Sentencing Guidelines Manual ("USSG"), a family circumstance only constitutes an extraordinary and compelling reason for compassionate release in two situations: (1) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children"; or (2) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *See*

5

USSG § 1B1.13 cmt. n.1(C). Neither scenario applies to Anderson. And, even if the Court ignored the two limited scenarios above, Anderson's conclusory statements about needing to provide financial support to his family are common to the majority of prisoners with a family; they do not constitute "extraordinary and compelling reasons" for release. *See United States v. Sapp*, No. 14-CR-20520, 2020 WL 515935, at *3 (E.D. Mich. Jan. 31, 2020) ("[O]ne district court has defined 'extraordinary' as 'beyond what is usual, customary, regular, or common,' and has defined a 'compelling reason' as one 'so great that irreparable harm or injustice would result if [the relief] is not granted.'" (quoting *United States v. Cantu*, 423 F. Supp. 3d 345, 352 (S.D. Tex. 2019)).

Because Anderson fails to demonstrate an extraordinary and compelling reason for his release, the Court DENIES his motion.

☐ **DENIED WITHOUT PREJUDICE** because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

**IT IS ORDERED**.

                                                            s/ Victoria A. Roberts
                                                            Victoria A. Roberts
                                                            United States District Judge

Dated: September 29, 2020